IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ERIC LEE ERICKSON,

    Plaintiff,

vs.                                     Case No. 4:19cv215-WS/CAS

TPD OFFICER J. BUIS,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se*, was required to file an amended civil rights complaint and to clarify the basis for his placement at the Florida State Hospital. ECF No. 7. The prior Order explained that Plaintiff's original complaint, ECF No. 1, was insufficient because Plaintiff had not shown that Defendant Buis violated his constitutional rights. Plaintiff was informed that a vehicular collision was not unconstitutional and given an opportunity to file an "amended complaint" if he believed there was a basis to pursue his claim against Defendant Buis. Plaintiff's deadline to comply with that Order was July 24, 2019, ECF No. 7, and he was warned that a recommendation would be made to dismiss this case if he did not comply.

As of this date, Plaintiff has not complied and it appears that Plaintiff has abandoned this litigation.

The Supreme Court has held that "[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs." Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)); *see also* N.D. Fla. Loc. R. 41.1. A "court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order." Equity Lifestyle Properties, Inc. v. Fla. Mowing And Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009). Because Plaintiff has failed to prosecute this case, dismissal is now appropriate.

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on October 10, 2019.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.